UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY GRIFFIN BRECK,

    Plaintiff,

v.                                    Case No. 8:13-cv-1326-T-33TGW

SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of the Report and Recommendation of United States Magistrate Judge Thomas G. Wilson (Doc. # 12), filed on September 9, 2013, in which Judge Wilson recommends that Defendant's Motion to Dismiss (Doc. # 9) be granted and that this action be dismissed for lack of subject matter jurisdiction. Judge Wilson also recommends that the dismissal should be without leave to amend because any amendment would be futile.

Plaintiff, proceeding pro se, filed an objection to the Report and Recommendation on September 16, 2013 (Doc. # 13), and Defendant filed a response to Plaintiff's objection on September 19, 2013. (Doc. # 14).

After careful consideration and being fully advised in the premises, the Court adopts Judge Wilson's Report and Recommendation and overrules Plaintiff's objection.

## I. Legal Standard

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## II. Discussion

Plaintiff, who receives Social Security disability insurance and disabled widow's benefits, sues the Social Security Administration under the Federal Tort Claims Act arguing that the award of these benefits was unduly

delayed. (Doc. # 1). Plaintiff seeks one million dollars in damages. The Social Security Administration moves to dismiss because the Social Security Act bars Plaintiff's FTCA claims in this case. (Doc. # 9).

In the Report and Recommendation, the Magistrate Judge finds that "Plaintiff's claim that her widow's insurance benefits were unduly delayed due to the Social Security Administration's negligence is an FTCA action that arises under the Social Security Act." (Doc. # 12 at 9). The Social Security Act specifies that "no action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 [the FTCA] to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

Accordingly, the Court adopts the Magistrate Judge's legal conclusion that this Court lacks subject matter jurisdiction over this action. This determination is in accordance with Raczkowski v. United States, 138 F. App'x 174, 175 (11th Cir. 2005)("[B]ecause Raczkowski's claim is one arising under the [Social Security] Act, § 405(h) bars him from asserting jurisdiction under the FTCA, and the district court did not err when it dismissed his complaint for lack of subject matter jurisdiction.").

3

Upon due consideration of the entire record, including the Report and Recommendation and Plaintiff's objection thereto, the Court overrules the objection and adopts the Report and Recommendation. The Report and Recommendation thoughtfully addresses the issues presented, and the arguments Plaintiff raises in her objection do not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Report and Recommendation of United States Magistrate Judge Thomas G. Wilson (Doc. # 12) is **ACCEPTED** and **ADOPTED**.

(2) Defendant's Motion to Dismiss (Doc. # 9) is **GRANTED**.

(3) This action is dismissed for lack of subject matter jurisdiction.

(4) The Court declines to allow Plaintiff the opportunity to file an amended complaint because any amendment would be futile.

(5) The Clerk shall **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of September, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies: All Counsel and Parties of Record